# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAMIKA MILLER, | ) |
| | ) Civil Action Number: |
| Plaintiff, | ) |
| | ) FLSA Action |
| v. | ) Jury Trial Demanded |
| | ) |
| WELLBORN MANAGEMENT, INC. | ) |
| A Georgia Corporation and HARISH | ) |
| PATEL, and MUKESH PATEL, | ) |
| individuals | ) |
| | ) |
| Defendants. | ) |

## FLSA COMPLAINT

COMES NOW Plaintiff Damika Miller by and through her undersigned counsel, and files this lawsuit against Defendants WELLBORN MANAGEMENT, INC. ("Wellborn") and Harish Patel ("Harish Patel") and Mukesh Patel (Mukesh Patel) (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended, which have

1

deprived her of her lawful hourly wages and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of his overtime wages.

2. Defendants employed Plaintiff in the housekeeping department of their Barclay Hotel (the "Hotel") providing housekeeping and other services in their hotel located at 89 Luckie Street Atlanta, GA 30303 ("Defendants' Barclay Location")

3. During the employment of Plaintiff, Defendants committed violations of the FLSA by assumedly illegally classifying Plaintiff as an exempt employee and failing to compensate Plaintiff for all hours worked and at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

4. This action is brought to recover unpaid hourly wages, and lost wages owed to Plaintiff due to Defendants' unlawful failure to compensate Plaintiff for all hours worked in excess of 40 hours in a given workweek at the legally appropriate overtime rate.

5. Pursuant to the FLSA, Plaintiff also seeks, liquidated damages, attorneys' fees and costs and any other appropriate relief.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Northern District of Georgia pursuant to 29 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendants are located in this District and are subject to personal jurisdiction in this District.

## PARTIES

8. Plaintiff resides in this District.

9. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, although Defendants illegally treated her assumedly as an exempt employee.

10. Plaintiff is further covered by §§ 203, 206, and 207 of the FLSA for the period in which she was employed by Defendants.

11. During the time relevant to this action, Plaintiff was an employee of Defendants who were engaged in commerce or in the production of goods for commerce.

12. Defendant WELLBORN MANAGEMENT, INC. is a corporation formed under the laws of the State of Georgia and provides its clients hotel accommodations.

13. Upon information and belief, Defendants HARISH PATEL, AND MUKESH PATEL are owners of Defendants' Barclay Location who managed and supervised Plaintiff for a portion of the time that Plaintiff was employed by Defendants.

14. According to the Web Site of the Georgia Secretary of State Harish Patel is the Secretary of Defendant Wellborn.

15. According to the Web Site of the Georgia Secretary of State Mukesh Patel is the CEO and CFO Defendant Wellborn.

16. Defendants conduct business within Georgia, and this District.

17. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Barclay Location, including the employment and pay and other practices of the operation.

18. Defendant Wellborn is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, DAVID H FLINT at 1100 PREACHTREE STREET, N.E, SUITE 800, ATLANTA, GA, 30309-4516.

19. Defendant Harish Patel is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 8739 CAMP AVENUE, JONESBORO, GA, 30236.

20. Defendant Mukesh Patel is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 8739 CAMP AVENUE, JONESBORO, GA, 30236.

21. At all times material to this action, Defendant Wellborn, was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA and had an annual gross volume of sales which exceeded $500,000.

22. At all times material to this action, Defendant Wellborn, was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

23. Upon information and belief, at all times material to this action, Defendant Harish Patel was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

24. Upon information and belief, at all times material to this action, Defendant Mukesh Patel was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

25. The FLSA applies to Defendants.

## FACTUAL ALLEGATIONS

26. From approximately March 2015 until approximately August 14, 2018, Defendants employed Plaintiff out of their Defendants' Barclay Location

27. Defendants initially compensated Plaintiff on a salary basis.

28. However, Defendants had a policy that if occupancy at Defendants' Barclay Location was low they would require her to work less than forty hours per work week and switch her to an hourly position.

29. When occupancy at Defendants' Barclay Location was high their policy was that they would require her to work more than forty hours and switch her to a salary position and require to work more than forty hours per work week.

30. Defendants' did in fact implement said policy with respect to how they compensated Plaintiff during her employment with Defendants.

31. Plaintiff regularly worked in excess of forty hours for every 7 days of continuous employment on numerous occasions during her said employment.

32. Plaintiff was never paid overtime during her employment with Defendants.

33. At all times relevant to this action, Defendants did not compensate

Plaintiff for time worked in excess of 40 hours per week at rates at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

34. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA as defined by § 203(d) of the FLSA with respect to Plaintiff.

35. Defendants failed to meet the requirements for paying Plaintiff at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

36. Defendants are liable to Plaintiff for compensation for any and all time worked beyond 40 hours per week and for any and all time worked in excess of 40 hours per week at the rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA 29 U.S.C. §§ 203, 206.

37. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendants' willful violations of the FLSA and lack of good faith related thereto, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent him in this

action and pursuant 29 U.S.C. § 216(b). Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40.   Plaintiff demands a jury trial.

## COUNT ONE
## (FLSA – Unpaid Wages & Overtime)

41.   Plaintiff repeats and incorporates by reference all above paragraphs.

42.   By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations by failing to properly compensate Plaintiff in an amount required by law.

43.   As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive any wages for hours over 40 per week in an amount required by law.

44.   Defendants have not made a good faith effort to comply with the FLSA with respect to its owed wages and overtime compensation of Plaintiff.

45.   As a result of the unlawful acts of Defendants, Plaintiff has been deprived of unpaid wages and overtime compensation in amounts required by law in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) That Plaintiff be awarded damages in the amount of her unpaid compensation, overtime compensation and an equal amount of liquidated damages;

*(b)* That Plaintiff be awarded reasonable attorneys' fees and costs of this action; and

(c) That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 7th day of January, 2018.

MARTIN AND MARTIN, LLP

By: /s/*Thomas F. Martin*
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
MARTIN & MARTIN, LLP
Post Office Box 1070

Tucker, Georgia 30085-1070
(770) 344-7267